**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ESTATE OF ELAINE PURCELL, through PARKER WAGGAMAN as Personal Representative; PARKER WAGGAMAN, individually,**

    Plaintiffs,

v.                                                                   Case No.  8:14-cv-1340-T-30TGW

**ARTURO ARAUZO, individually; ARTURO ARAUZO d/b/a ARTURO ARAUZO, M.D.; USA DRUG MART, INC.; PARK PLAZA PHARMACY; USA DRUG MART d/b/a PARK PLAZA PHARMACY; Pharmacist in Charge, DAVID VERNON, JOHN DOES 1-9,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant U.S. Drug Mart, Inc. d/b/a Park Plaza Pharmacy's Amended Motion to Dismiss Plaintiffs' Complaint (Dkt. 3). Upon consideration of the motion, the Court concludes that the motion should be granted and Plaintiff's complaint should be dismissed without prejudice to amend.

## BACKGROUND

This action appears to be a negligence action arising from Defendants' involvement with prescribing, dispensing, and shipping prescription medications to Elaine Purcell, the decedent. *Pro se* Plaintiffs Estate of Elaine Purcell and Parker Waggaman, individually, filed the instant action in state court. Parker Waggaman is Elaine Purcell's son. Plaintiffs'

complaint alleges the following claims: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO") under Fla. Stat. § 772.103; (2) *per se* negligence; (3) "harm to the sole relative"; (4) fraud; (5) "surviving action of Elaine Purcell"; (6) failure to warn and failure to inquire; and (7) concealment.

Defendant U.S. Drug Mart removed the action to this Court based on diversity jurisdiction. U.S. Drug Mart now moves to dismiss the entirety of Plaintiffs' complaint. The Court agrees that the complaint is woefully deficient under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Plaintiffs' complaint is subject to dismissal in its entirety because the legal claims do not identify which defendant Plaintiffs are referring to; Plaintiffs vaguely reference "Defendants" without providing any additional details or linking any facts to a specific defendant. Plaintiffs also do not allege specific facts in support of the legal claims. This is deficient under Rule 12(b)(6) as described above.

Two of the claims also fail as a matter of law because they are not actionable under Florida law. Specifically, Florida law does not recognize claims of "harm to the sole relative" and "concealment." Accordingly, these purported claims are dismissed with prejudice.

The remaining claims also suffer from numerous pleading deficiencies. The RICO claim does not allege any facts describing a pattern of alleged criminal activity. Also, Plaintiffs' standing to assert such a claim is questionable and unexplained.

The *per se* negligence claim does not identify the statute that was violated.

The fraud claim is not pled with specificity and particularity.

The surviving action claim does not appear to apply to this case because Plaintiffs allege that Defendants caused the death of Elaine Purcell; a survival action is appropriate only when the cause of death is disputed.

Plaintiffs do not allege how the failure to warn and failure to inquire claim applies to U.S. Drug Mart, a pharmacy. Specifically, Plaintiffs do not allege what duty of care U.S. Drug Mart had to Plaintiffs and how that standard of care was breached.

Plaintiffs seek attorney's fees but do not allege any basis for attorney's fees under a statute or contract.

Finally, Waggaman, in his individual capacity, seeks damages for pain and suffering; these damages are inappropriate because Waggaman does not allege a wrongful death claim under Florida law.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant U.S. Drug Mart, Inc. d/b/a Park Plaza Pharmacy's Amended Motion to Dismiss Plaintiffs' Complaint (Dkt. 3) is granted to the extent explained herein.

2. The claims of "harm to the sole relative" and "concealment" are dismissed with prejudice. The remaining claims are dismissed without prejudice.

3. Plaintiffs may file an amended complaint within twenty (20) days of this Order. If Plaintiffs choose to amend their complaint, the amendment should address the deficiencies explained in this Order; failure to remedy the deficiencies may result in further dismissal.

4. This case shall be closed without further notice if Plaintiffs do not file an amended complaint within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2014.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1340.denymtdismiss-pro-se-plaintiff.frm