**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ESTATE OF ELAINE PURCELL, through PARKER WAGGAMAN as Personal Representative; PARKER WAGGAMAN, individually,**

    **Plaintiffs,**

v.                                                                                                       Case No.  8:14-cv-1340-T-30TGW

**ARTURO ARAUZO, individually; ARTURO ARAUZO d/b/a ARTURO ARAUZO, M.D.; USA DRUG MART, INC.; PARK PLAZA PHARMACY; USA DRUG MART d/b/a PARK PLAZA PHARMACY; Pharmacist in Charge, DAVID VERNON, JOHN DOES 1-9,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants U.S. Drug Mart, Inc. d/b/a Park Plaza Pharmacy and Pharmacist in Charge's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 10).  Upon consideration of the motion, the Court concludes that the motion should be granted and Plaintiffs' complaint should be dismissed without prejudice to amend. This is Plaintiffs' final opportunity to amend the complaint to state a cognizable claim.

## BACKGROUND

This is a negligence action arising from Defendants' involvement with prescribing, dispensing, and shipping prescription medications to Elaine Purcell, the decedent.  *Pro se*

Plaintiffs Estate of Elaine Purcell and Parker Waggaman, individually, filed the instant action in state court. Parker Waggaman is Elaine Purcell's son.

On June 17, 2014, this Court dismissed Plaintiffs' complaint in its entirety, noting numerous pleading deficiencies (Dkt. 6). The Court provided Plaintiffs twenty days to file an amended complaint. On July 7, 2014, Plaintiffs filed their amended complaint (Dkt. 8). The amended complaint fares no better. The amended complaint alleges the following claims: (1) civil conspiracy (Count I); (2) fraud (Counts II-IV); (3) negligence *per se* (Counts V-VII); (4) intentional infliction of emotional distress (Counts VIII-IX);[1] (5) battery (Counts X-XII); and (6) Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count XIII).

Defendants U.S. Drug Mart, Inc. d/b/a Park Plaza Pharmacy and Pharmacist in Charge move to dismiss the entirety of Plaintiffs' amended complaint as the claims relate to them. The Court agrees that the complaint is, yet again, woefully deficient under Federal Rule of Civil Procedure 12(b)(6).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

---

[1] These claims are only against Defendant Arauzo. It appears that Plaintiff has not effected service on Arauzo.

1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

### I. Civil Conspiracy

Plaintiffs' civil conspiracy claim is deficient under Rule 12(b)(6). Although Plaintiffs cite the claim's legal elements, Plaintiffs do not allege specific facts in support of their claim that U.S. Drug Mart or Pharmacist committed a civil conspiracy. For example, Plaintiffs fail to allege that U.S. Drug Mart or Pharmacist conspired with anyone, that they committed an unlawful act, or that they committed any overt act in furtherance of the conspiracy. Accordingly, this claim is dismissed.

### II. Fraud

In its prior Order, this Court noted that Plaintiffs' fraud claims must be pled with specificity and particularity. The amended complaint does not redress these deficiencies. Accordingly, the fraud claims are dismissed.

### III. Negligence *Per Se*

In its prior Order, this Court noted that the *per se* negligence claims did not identify the statute that was violated. Plaintiffs' amended complaint vaguely references statutes from Texas and Florida that relate to the dispensing of controlled substances. But it is entirely unclear how these statutes are penal in nature and how Plaintiffs were in a class that the statutes were intended to protect. Specifically, negligence *per se* requires the following in

order to state a claim: (1) the plaintiff is of a class the statute was intended to protect; (2) the plaintiff suffered injury of the type the statute was designed to prevent; and (3) the violation of the statute was the proximate cause of the injury. *See deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198 (Fla. 1973). "Violation of any other type of statute may be considered only as prima facie evidence of negligence." *Id.* at 201.  Plaintiffs neglect to include sufficient facts in support of these elements.  And these claims appear to be more akin to negligence claims.  Accordingly, these claims are dismissed.

### IV.   Battery

Plaintiffs' battery claims reference Fla. Stat. § 784.03, Florida's criminal felony battery statute.  It is entirely unclear how this criminal statute relates to the instant case.  Notably, section 784.03 does not provide for a private cause of action for civil battery.  Also, Plaintiffs fail to allege that U.S. Drug Mart and/or Pharmacist *intentionally* caused bodily harm to the decedent.  Accordingly, these claims are dismissed.

### V.   RICO

In its prior Order, this Court noted that Plaintiffs' RICO claim did not allege any facts describing a pattern of alleged criminal activity.  The Court also stated that Plaintiffs' standing to assert such a claim was questionable and unexplained.  The amended claims do not remedy these deficiencies.  Accordingly, these claims are dismissed.

### VI.   **Plaintiff Parker Waggaman**

Plaintiff Waggaman's individual claims for damages are dismissed.  Waggaman does not have standing to seek damages under any of the claims.  Notably, Plaintiffs have not

alleged a claim for wrongful death. Accordingly, any damages claimed by Waggaman, in his individual capacity, are without merit.

## VII.   Claims for Fees and Expenses

In its prior Order, the Court noted that Plaintiffs must allege a legal basis for their claim for attorney's fees and expenses under a statute or contract. Plaintiffs' amended complaint fails to allege a legal basis. Accordingly, Plaintiffs' claims for attorney's fees and expenses are stricken.

## VIII.   Failure to Serve

U.S. Drug Mart and Pharmacist further move for dismissal of Plaintiffs' claims on the basis that Plaintiffs failed to serve the complaint on them within 120 days of filing the complaint. They argue that they were served with the complaint approximately 210 days later. This argument in favor of dismissal is denied. U.S. Drug Mart and Pharmacist fail to establish prejudice resulting from the delay. And the Court would have granted Plaintiffs an extension to serve the complaint, especially in light of Plaintiffs' *pro se* status. Moreover, the Court prefers to decide issues on their merits.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants U.S. Drug Mart, Inc. d/b/a Park Plaza Pharmacy and Pharmacist in Charge's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 10) is granted to the extent explained herein.

2. Plaintiffs are provided *one last opportunity* to file an amended complaint within twenty (20) days of this Order. Any further dismissal of any claims based on a motion to dismiss will be with prejudice.

3. This case shall be closed without prejudice and without further notice if Plaintiffs do not file an amended complaint within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 24, 2014.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1340.denymtdismiss-secondattempt-pro-se-plaintiff.wpd